IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,166-01




EX PARTE LARRY DONNELL MOBLEY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 241-0626-10-A IN THE 241ST DISTRICT COURT
FROM SMITH COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and
was convicted of tampering with physical evidence and sentenced to two years’
imprisonment. He did not appeal his conviction.
           Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by
failing to investigate the case, failing to obtain a copy of the police videotape of the offense,
misleading him into pleading guilty, and failing to consult with him prior to his plea. 
           Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall obtain a response from Applicant’s trial
counsel regarding Applicant’s claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
           If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
           The trial court shall make findings of fact as to whether the performance of
Applicant’s trial attorney was deficient and, if so, whether counsel’s deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
           This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter’s notes from any hearing or deposition, along with the trial court’s
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


Filed: January 12, 2011
Do not publish